UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

ROGER J. DAY,

       Plaintiff,

v.                                         **ORDER**
                                       Civil File No. 05-2675 (MJD/RLE)

STATE OF MINNESOTA, ET AL.,

       Defendants.

_____

Richard I. Diamond, Esq., Counsel for Plaintiff.

Thomas C. Vasaly, Assistant Minnesota Attorney General, Counsel for Defendants.
_____

## I.   INTRODUCTION

The above-entitled matter comes before the Court pursuant to Plaintiff's Motion for Reconsideration to Include Certification of Interlocutory Order [Docket No. 88], which seeks to amend the Court's July 26, 2006 Order to certify interlocutory appeal to the Eighth Circuit Court of Appeals pursuant to 28 U.S.C. § 1292 (b).  The Government has filed a response to Plaintiff's motion.

## II.   BACKGROUND

The current motion was filed by Plaintiff on July 27, 2006, in response to this Court's July 26, 2006 Order [Docket No. 87] affirming Chief Magistrate Judge

Erickson's Minute Order dated June 16, 2006 [Docket No. 73]. The Minute Order granted Defendants' Motion to Compel Discovery of Plaintiff's Public Employees Retirement Association (PERA) and Social Security Administration (SSA) records.

### III.  DISCUSSION

Plaintiff's motion requests that the Court reconsider the language of its Order to certify it as interlocutory pursuant to 28 U.S.C. § 1292(b). Defendants object that Plaintiff's motion is not accompanied by a notice of motion, memorandum, affidavit or proposed order as required by Local Rule 7.1(a)(1). On August 28, 2006, Plaintiff filed a memorandum of law in support of his motion. However, Plaintiff has not yet filed a notice of motion, affidavit or proposed order as required by Local Rule 7.1(a)(1). In any event, the Court finds no merit in Plaintiff's argument in support of the motion.

Generally, an order compelling testimony or the production of documents in an ordinary civil action is not a final order, and, therefore, it is not appealable. Little Rock Sch. Dist. v. Border, Inc., No. LR-76-C-41, 1978 WL 1334, at *13 (E.D. Ark. Apr. 28, 1978) (unpublished) (citing Alexander v. United States, 201 U. S. 117 (1966)). However, a district court may designate an order as certified for interlocutory appeal, as provided for in 28 U.S.C. § 1292(b), which states, in relevant part:

> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall

> be of the opinion that such order involves a controlling
> question of law as to which there is substantial ground
> for difference of opinion and that an immediate appeal
> from the order may materially advance the ultimate
> termination of the litigation, he shall so state in writing
> in such order.

It is the policy of the courts to discourage such appeals because of the potential burdens they place on both the court and the litigants. White v. Nix, 43 F.3d 374, 376 (8th Cir. 1994). Accordingly, motions for certification to appeal should be "granted sparingly and with discrimination." Id. The movant bears a heavy burden to prove that the case is "an exceptional one in which immediate appeal is warranted." Id.

The Court finds that this issue, whether Defendants Motion to Compel production of Plaintiff's PERA and SSA records was properly granted, does not present a controlling question of law as to which there is substantial ground for difference of opinion. Plaintiff has not identified a controlling question of law at issue here, stating only that he "has not placed the underlying facts of his disability at issue in this action." (Pl. Mot. Cert. at 2.). The Court affirmed the Magistrate Judge's determination that Plaintiff placed the underlying facts of his disability at issue, by claiming that Defendants' actions violate the Americans with Disabilities Act (ADA). Thus, this issue does not meet the requirements for certification for interlocutory appeal under 28 U.S.C. § 1292(b).

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that

1) Plaintiff's Motion for Reconsideration to Include Certification of Interlocutory Order dated July 27, 2006 [Docket No. 88] is hereby **DENIED.**

Dated: September 18, 2006                                s / Michael J. Davis
                                                         Judge Michael J. Davis
                                                         United States District Court